Filed 9/28/22  P. v. Coleman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C094465 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F03498) |
| v. | |
| RAYMOND NELSON COLEMAN, | |
| Defendant and Appellant. | |

In 2006, a jury found defendant Raymond Nelson Coleman committed murder during a robbery.  Later, the Legislature created a path for relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under a narrowed scope of the felony-murder rule.  Defendant sought such relief, but the trial court ruled he was ineligible as a matter of law.  On appeal, defendant argues the trial court erred.  In light of our Supreme Court's recent decision in *People v. Strong* (2022) 13 Cal.5th 698  (*Strong*), we agree with defendant and reverse.

1

FACTUAL AND PROCEDURAL BACKGROUND

We take much of the background from our prior opinion. (*People v. Coleman* (Dec. 7, 2018, C082641) [nonpub. opn.] (*Coleman*).)

In December 2004, defendant and his codefendants Andre Marcus Allen and Sammy Anderson went to a park to consummate a drug deal that defendant had arranged with Dwayne Harvey. When Harvey arrived, he was shot and killed. (*Coleman*, *supra*, C082641.)

At trial, Anderson and defendant each testified they saw Allen shoot Harvey. Allen testified defendant shot Harvey. Defendant and Allen were found guilty by jury of first degree murder (Pen. Code,[1] § 187) and second degree robbery (§ 211). The jury also made a "special circumstance" finding, inter alia, that defendant committed the murder during a robbery (§ 190.2, subd. (a)(17)). (*Coleman*, *supra*, C082641.) The section 190.2, subdivision (a)(17) felony-murder special circumstance applies to a "major participant" in the underlying felony who acted "with reckless indifference to human life" (*id*., subd. (d)).

The trial court sentenced defendant to life in prison without the possibility of parole for the murder. (*Coleman*, *supra*, C082641.) We affirmed defendant's convictions in 2008. (*Ibid.*)

In *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, our Supreme Court "for the first time provided substantial guidance on the meaning of" the terms " 'major participant' " and " 'with reckless indifference to human life' " found in section 190.2, subdivision (d). (*Strong*, *supra*, 13 Cal.5th at p. 703.)

"In Senate Bill No. 1437 (2017-2018 Reg. Sess.) . . . , the Legislature significantly narrowed the scope of the felony-murder rule. It also created a path to relief for

---

[1]     Further undesignated statutory references are to the Penal Code.

defendants who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under the new law. Resentencing is available under the new law if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' [Citations.] This provision repurposes preexisting law governing felony-murder special-circumstance findings -- the findings a jury makes in felony-murder cases to determine whether the defendant may be sentenced to death or life without possibility of parole (Pen. Code, § 190.2, subd. (d)) -- to define eligibility for sentencing relief." (*Strong*, *supra*, 13 Cal.5th at p. 703.)

In August 2020, defendant filed a petition for resentencing under the provisions of Senate Bill No. 1437 (specifically, former § 1170.95), and there is no dispute on appeal that the petition satisfied the relevant pleading requirements to state a prima facie claim for relief under the statute.

In October 2020, the People asked the trial court to dismiss the petition, arguing defendant was ineligible for relief as a matter of law because the jury's special-circumstance finding under section 190.2, subdivision (a)(17) "necessarily establishe[d] that he was the actual killer, intended to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life." (See § 190.2, subd. (d).)

The trial court agreed with the People in a June 2021 order. Also in the order, the trial court observed that in September 2020, it "denied on the merits" defendant's petition for writ of habeas corpus that "sought relief from the robbery-murder special circumstance under the decisions in" *Banks* and *Clark*.

Defendant timely appealed.

DISCUSSION

In *Strong*, our Supreme Court resolved a "split among the appellate courts over whether pre-*Banks*/*Clark* felony-murder special-circumstance findings . . . bar

3

resentencing," and concluded such findings "*do not* preclude a defendant from making out a prima facie case for relief under Senate Bill 1437." (*Strong*, *supra*, 13 Cal.5th at pp. 709, 710, italics added.)

Strong explained:  "Senate Bill 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019.'  (§ 1172.6, subd. (a)(3).)  A pre-*Banks* and *Clark* special[-]circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the *current* understanding of the major participant and reckless indifference requirements."  (*Strong*, *supra*, 13 Cal.5th at pp. 717-718, italics added.)

In reaching its conclusion, our Supreme Court rejected the Attorney General's argument for a "limited" judicial reexamination of the "prior major participation and reckless indifference findings in light of *Banks* and *Clark*," explaining that "such a determination would entail factfinding prohibited at the prima facie stage."  (*Strong*, *supra*, 13 Cal.5th at pp. 719, 720.)  "Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination . . . require[d], and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause."  (*Strong*, at p. 720.)

Here, in briefing this matter before *Strong* issued, the People argued the trial court properly ruled defendant was ineligible as a matter of law for resentencing relief in light of his "still-operative" pre-*Banks*/*Clark* special-circumstance findings, and defendant argued the opposite.  In light of *Strong*, defendant has the winning argument.

Further, *Strong* makes clear the trial court's observation that it had previously denied, on the merits, defendant's efforts to obtain habeas relief from his pre-*Banks* and *Clark* special-circumstance finding is not material, as "a court's later sufficiency of the evidence review" does not "suppl[y] a basis to reject an otherwise adequate prima facie

4

showing and deny issuance of an order to show cause." (*Strong*, *supra*, 13 Cal.5th at p. 720.)

Accordingly, the trial court erred by denying defendant's petition at the pleading stage.

## DISPOSITION

The judgment (order) is reversed.


/s/                                    
Robie, Acting P. J.



We concur:


/s/                              
Mauro, J.



/s/                              
Renner, J.